IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ESTELLE C. GRAINGER,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-23-01443 |
| **PLANET HOME LENDING, LLC** *et al.,* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Estelle C. Grainger ("Plaintiff"), who is self-represented, filed a Complaint in the Circuit Court for Baltimore County against several defendants associated with the foreclosure of her home. ECF 2. The defendants removed the case to this Court. ECF 1. Defendants Wilmington Savings Fund Society, FSB d/b/a Christiana Trust not in its individual capacity but solely as Trustee for Bantam Funding Trust 2018-1 ("Bantam Funding"), and Planet Home Lending, LLC ("PHL") filed a motion to dismiss pursuant to Rule 12(b)(6), ECF 19, and Defendant Alexander R. Green filed a separate motion to dismiss, ECF 23.[1] Bantam Funding and PHL also filed a motion for sanctions, including the imposition of a pre-filing screening procedure and payment of attorney's fees. ECF 26. This Court has reviewed those motions, the opposition filed by Plaintiff, and the reply filed by Defendants. ECF 27, 28. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, the motions to dismiss will be granted. The motion for sanctions will be denied.

---

[1] The other defendants named in Plaintiff's Complaint do not appear to have received proper service of process, if any. This Court has separately ordered Plaintiff to provide proof of service or an explanation of why service has not occurred. ECF 29.

I.  **FACTUAL BACKGROUND**

The facts described herein are taken from Plaintiff's Complaint, ECF 2, and are taken as true for purposes of this motion. Plaintiff alleges that on April 4, 2023, she received notice that her residence would be sold at public foreclosure auction on April 20, 2023. ECF 2 at 6.[2] She alleges that her mortgage loan was fully paid off to her mortgage company as of December 1, 2017. *Id.* She seeks an injunction seeking to stop the foreclosure and auction until affording her a chance to prove that there was no default on the mortgage loan. *Id.*

Plaintiff's Complaint lists three causes of action: (1) the Fair Credit Billing Act ("FCBA"), (2) the Truth in Lending Act ("TILA") Regulation Z, and (2) Maryland Codes-Court Judicial Proceedings Section 5-203. *Id.* at 4. Defendants Green (the attorney representing Bantam Funding and PHL in this action), Bantam Funding (the present holder of Plaintiff's mortgage loan), and PHL (a prior holder of the loan) timely removed the lawsuit to this Court, citing the federal questions presented in her Complaint.[3]

II.  **LEGAL STANDARDS**

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *Edwards v. City of Goldsboro*, 178 F.3d

---

[2] This Court uses the ECF page numbers in the header at the top of the page.

[3] Plaintiff filed an "objection to removal," ECF 18, citing two different Maryland rules and arguing that the case should be heard in Maryland court where the foreclosure took place. However, because Plaintiff identified two federal statutes, the FCBA and TILA, as bases for her claims, Defendants could properly remove the case to this Court. *See* 28 U.S.C. § 1331 (providing that federal district courts have original jurisdiction over claims involving questions of federal law); 28 U.S.C. § 1367 (providing supplemental jurisdiction over state claims that "form part of the same case or controversy under Article III of the United States Constitution"); *see also* 28 U.S.C. § 1441(a) (permitting defendants to remove an action to federal district court if "district courts of the United States have original jurisdiction"). Plaintiff's objection is therefore unfounded.

231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of

those facts is improbable and . . . recovery is very remote and unlikely." *Id.* (internal quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd,* 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring); *Weller v. Dep't*

*of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III. ANALYSIS

#### A. Motions to Dismiss

Defendants cite two bases for dismissal in this matter: (1) *res judicata* as to Bantam and PHL; and (2) the failure to plead facts supporting viable claims under any of Plaintiff's cited causes of action. As set forth below, dismissal is warranted on both grounds.

##### 1. Res Judicata

The factual premise of Plaintiff's claim is that the loan asserted by her original lender, Beneficial Mortgage Co. of Maryland, has been effectively paid off since December, 2017. *See* ECF 2 at 6 ("The alleged [sic] debtor, Estelle C. Grainger's property was completely paid off on December 1, 2017 before Beneficial Inc. transferred a fraudulent lien.") (internal punctuation omitted). Plaintiff has been asserting that argument, without success, in various courts since at least 2019. Memorandum to Parties, *Grainger v. Carrington Mortg. Servs., LLC*, Civ. No. GLR-19-1067 (D. Md. Dec. 16, 2019), ECF 19-4. In his December 16, 2019, opinion, United States District Judge George L. Russell III summarized Plaintiff's argument as follows:

> Grainger also explains that the deductions and unauthorized transfer of $15,000.00 caused Beneficial to overcharge Grainger from August 27, 2001 to December 1, 2017, such that Grainger's First Mortgage was actually paid in full by December 1, 2017. Accordingly, Beneficial's transfer of the First Mortgage to

> Carrington on December 7, 2017 was a "fraudulent transfer," and she was not required to make any monthly payments to Carrington.

*Id.* at 3 (internal citations omitted). Judge Russell deemed that contention to be barred by *res judicata* in 2019 because Plaintiff had already litigated the claim against Beneficial, the original loan holder. *Id.* at 4–5. Since 2019, multiple other courts have similarly deemed the contention barred by *res judicata* as to Bantam, PHL, and their predecessor loan holders. *See, e.g.,* Order Resolving Pending Matters Regarding Creditor's Claim and Granting Debtor Leave to File an Amended Chapter 13 Plan, *In re: Grainger*, Case No. 20-13404-MMH (D. Md. Apr. 29, 2022), ECF 19-5 at 13–15 (April 2022 judicial opinion by the United States Bankruptcy Court summarizing why Plaintiff's claims are barred by *res judicata*). The same rationale bars Plaintiff's claims against Bantam and PHL in this case. While Plaintiff may disagree with the outcome, the issues regarding whether the mortgage had been paid off and the validity of the lien transfer have been decided and cannot be relitigated in any forum.

### 2. Failure to Plead Viable Claims

Plaintiff's claims are not barred by *res judicata* as to Defendant Green, because he was not named in the earlier lawsuits and is not in privity with the loan holders. Nevertheless, Plaintiff has not stated an actionable claim against Green, and the claims she asserts are time-barred.

Plaintiff's first claim, under the FCBA, fails because that Act pertains "only to open-end credit transactions, and, chiefly, to credit card accounts." *Jacobs v. Wells Fargo & Co.,* No. 3:10-cv-183, 2011 WL 5120408, at *2–3 (S.D. Ohio 2011). Mortgage loans are "closed-end" transactions and are not protected under the FCBA. *See Bailey v. Capital Motors, Inc.*, 513 A.2d 912, 914–15 (Md. 1986). Moreover, FCBA claims are subject to a one-year statute of limitations. *See Woody v. MBNA Am. Bank, N.A.,* Civ. No. 5:02-cv-170-BO(3), 2002 WL 32396629

(E.D.N.C. Oct. 11, 2002) ("Title 15 U.S.C. § 1640(e) provides that actions under the FCBA must be brought within one year from the date of the alleged violation."). As set forth above, Plaintiff has been aware of the basis of her claim since at least 2019 and did not file this lawsuit until April, 2023.

Plaintiff's second claim is under the TILA, which also has a one-year statute of limitations that precludes her claim. *See McCray v. Fed. Home Loan Mortg. Corp.,* 839 F.3d 354, 362 (4th Cir. 2016) ("[W]e affirm the district court's alternative conclusion that the claim was barred by TILA's one-year statute of limitations."). Additionally, while Plaintiff makes reference to Regulation Z, her Complaint contains no facts explaining how any of the Defendants violated that provision or any other provision of TILA. Defendant Green, for example, played no role in the extension of credit to Plaintiff. Plaintiff's claim therefore does not meet the *Iqbal/Twombly* standard for stating a plausible claim, even if it had been timely filed.

Plaintiff's third claim cites the Maryland court rule on the accrual of a cause of action, known as the "discovery rule." That rule does not provide an independent cause of action to any party. Instead, Maryland's discovery rule provides that the statute of limitations begins to run when a plaintiff knew or should have known of an issue. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 465 (4th Cir. 2007) (noting that under Maryland's discovery rule, the statute of limitations begins to run when a plaintiff knows or should have known of the breach of contract); *see also Windesheim v. Larocca*, 116 A.3d 954, 962 (Md. 2015) (internal quotation marks and citations omitted) ("[T]he discovery rule . . . tolls the accrual of the limitations period until the time the plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury."). Here, since Plaintiff has known of her injury since at least 2019 when she was

litigating the issues before Judge Russell in this courthouse, her claims were clearly time-barred when she filed this action in 2023.

### B. Sanctions Motion

Bantam Funding and PHL seek sanctions against Plaintiff in two forms: (1) restrictions on her ability to file future lawsuits and (2) an award of attorney's fees. The first requested relief is inapposite because Plaintiff has not filed any lawsuits in this Court, at any time, related to her foreclosure. Three of her lawsuits have been litigated in this federal court, but only by virtue of removal by the defendants. In fact, in the instant matter, Plaintiff objected to removal and sought to have the case returned to state court. ECF 18. Restricting Plaintiff's ability to file claims in this Court, then, will have no practical effect, and this Court will not try to restrict her ability to file claims elsewhere. Any attempt to impose a restriction on her ability to file claims in other courts must be addressed to those courts.[4]

As to an award of full attorney's fees, this Court declines to impose such draconian sanctions against a *pro se* litigant. Self-represented parties are "granted a degree of indulgence not extended to lawyers when determining whether to impose monetary sanctions pursuant to Rule 11." *Laremont–Lopez v. Southeastern Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997). When considering the application of Rule 11 sanctions, a court must exercise "sufficient discretion to take account of the special circumstances that often arise in *pro se*

---

[4] Defendants rely on two cases where courts imposed pre-filing injunctions on plaintiffs with long histories of filing frivolous lawsuits and repeating the same allegations against many defendants. ECF 26-2 at 7–8. Those cases are factually distinguishable and ultimately immaterial to the situation presented here. *See Bank of America, N.A. v. Kissi*, No. PWG-12-3266, 2013 WL 4804824, at *3–*4 (D. Md. Sept. 6, 2013) (imposing a pre-filing injunction only in the District of Maryland where plaintiff filed numerous cases and recognizing that "[n]umerous other courts have subjected [the plaintiff] to similar restrictions"); *Rutledge v. City of Danville*, No. 4:13-cv-00066, 2013 WL 6804697, at *1, *8 (W.D. Va. Dec. 20, 2013) (limiting the scope of the pre-filing injunction only to federal trial courts in Virginia where plaintiff himself brought suits and notwithstanding any state court litigation).

situations." Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment (citing *Haines v. Kerner*, 404 U.S. 519 (1972)). Ultimately, while a court is permitted to sanction a *pro se* litigant for a frivolous filing, "use of such measures against a *pro se* plaintiff should be approached with particular caution and should remain very much the exception to the general rule of free access to the courts." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted). This Court therefore declines to impose a monetary sanction on Plaintiff in this case. Plaintiff is expressly cautioned, however, that any further lawsuits pertaining to the validity of the mortgage lien leading to the foreclosure are likely to be deemed frivolous, and an award of full attorney's fees for defendants may well be granted in any future such cases filed or removed to this Court.

## CONCLUSION

For the reasons set forth above, the motions to dismiss filed by Bantam Funding, PHL, and Green, ECF 19, 23, are GRANTED and the motion seeking sanctions, ECF 26, is DENIED. Plaintiff's claims are dismissed with prejudice because they are precluded by *res judicata* and are time-barred. A separate Order follows.

Dated:  August 30, 2023                                    /s/
                                           Stephanie A. Gallagher
                                           United States District Judge